UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Neilson, et al

Versus

Lowe's Home Centers, Inc., et al

Civil Action No. 6:16-cv-00993

Judge Rebecca F. Doherty

Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

This matter came before the undersigned Magistrate Judge on a *sua sponte* jurisdictional review. This action was originally filed in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. Plaintiffs, Robert and Melissa Neilson assert personal injury claims arising out of an incident at the Lowe's store in Lafayette, Louisiana, on March 23, 2015.

*Background*

According to the petition, Plaintiffs allege, "[P]etitioner, Robert Neilson, was standing in Lowe's Home Centers, Inc., on East Gloria Switch Road, in Lafayette, Louisiana, when a steel pressure washer fell on Robert Neilson." Melissa Neilson alleges a loss of consortium claim. Plaintiffs sued Lowe's Home Centers, Inc ("Lowe's") and Neil Comeaux, alleging that the accident and injuries were caused by their negligence. The petition does not identify Comeaux as a Lowe's employee, indicate the breach of a personal duty owed by Comeaux to Plaintiffs, describe how

his actions or omissions caused the alleged accident or injuries, or differentiate any liability that he might have from Lowe's alleged liability.

Lowe's removed the action from state court, alleging that the federal court has subject-matter jurisdiction under 28 U.S.C. § 1332, which confers jurisdiction in civil actions when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  This Court reviewed the pleadings to determine whether the requirements for diversity jurisdiction were satisfied. This Court found that the allegations set forth in Plaintiffs' petition combined with additional information set forth in the defendant's removal notice, ie. Plaintiffs' responses to requests for production,  are sufficient to establish that the amount in controversy requirement is satisfied because the plaintiff has incurred $102,004.56 in medical expenses and has undergone an anterior cervical discectomy and fusion at C4-5causally connected to the injury described in the petition. *R. 1; R. 1-1, Exh. C. Medical Capitulation*.

With regard to the citizenship of the parties, Plaintiffs alleged that both Robert and Melissa Neilson are residents of Louisiana.  Lowe's represents it is a limited liability company with its sole member, Lowe's Companies Inc being incorporated in the State of North Carolina. This Court finds that Lowe's and the plaintiffs are diverse in citizenship. Plaintiffs allege, and Lowe's concedes, that Comeaux is a resident of Louisiana.  Therefore, diversity is not complete as to Plaintiffs and

Comeaux.  In its removal notice, however, Lowe's argued that Comeaux was improperly joined as a defendant in the lawsuit for the purpose of destroying diversity.

*Law And Analysis*

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).  Therefore, the removing defendant must bear that burden in this case.  The removing defendant also bears the burden of demonstrating improper joinder. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004).  In this case, no fraud has been alleged, but Lowe's argues that Plaintiffs cannot recover against Comeaux.  When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined. *Id.*

To determine whether a reasonable basis exists upon which a plaintiff may recover, a Rule 12(b)(6)-type analysis may be utilized or, if the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, this Court may pierce the pleadings and conduct a summary inquiry. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915-16 (5th Cir. 2009)(citing *Smallwood* at 573). When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence. *Anderson*, 342 Fed. App'x at 916. A summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant. *Id.* "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood* at 574.

The analysis set forth in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), superseded on other grounds by statute, La.Rev.Stat. 23:1032 (1998), governs whether Comeaux may be held personally liable to a third person. *See e.g.*, *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th 2009). Under *Canter*, an employee is personally liable only when (1) the employer owes a duty of care to the third person, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the employee; (3) the employee breached that duty through personal (not technical or vicarious) fault; and

-4-

(4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages.  Further, the employee cannot be held liable simply because of his general administrative responsibility for performance of some function of the employment. *Id.* at 721.  Thus, under Louisiana law, in order to maintain a cause of action against Comeaux, Plaintiffs must show that Lowe's delegated its duty to Comeaux and that Comeaux personally breached that duty. *Carter v. Wal-Mart Stores Inc*., 2005 WL 1831092, at *2 (W.D. La., 2005).

Here, Plaintiffs allege that "the defendants" failed to: (1) secure the pressure washer; (2) train employees to identify hazardous displays; (3) follow company policy regarding displaying merchandise; (4) oversee actions of employees and other persons displaying merchandise; and (5) to give warning of the pressure washer. *R. 1-1, ¶¶ 3–5.*

Plaintiffs' petition contains no allegation that Lowe's delegated a particular duty to Comeaux which Comeaux personally owed to Plaintiff. Nor does the petition contain any allegation that Comeaux actively caused any harm. The petition generally alleges that "the defendants" failed to properly supervise and train the store's employees and failed to properly display the pressure washer that fell upon the plaintiff. In *Carter*, the court found that generic allegations that the manager was responsible for training the store employees and implementing procedures for them

to follow was not a personal duty owed by the manager to the plaintiffs. *Carter*, 2005 WL 1831092, at *2. Instead, the allegations pertained to general duties as the manager of the store. *Id*.

Considering Plaintiffs' allegations as to Comeaux under a Rule 12(b)(6)–inquiry, Plaintiffs have omitted discrete facts that would determine the propriety of the joinder of Comeaux. As such, this Court may pierce the pleadings and conduct a summary inquiry. *Anderson*, 342 Fed. App'x at 915-16 (citing *Smallwood* at 573). When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence.

In their Notice of Removal, Lowe's submitted Comeaux's affidavit in which he stated that at the time of the alleged accident, he was an Assistant Store Manager of Administration for the Lowe's store where the alleged accident occurred. *R. 1-1*, *Exh. B*. Comeaux stated that he was not the immediate supervisor for the location of the store in which the alleged accident occurred and he had no personal, constructive or actual knowledge of any inherent danger or dangerous condition involving the pressure washer or its positioning. *Id.* He further stated that he was not the immediate supervisor of the employee who obtained the pressure washer from the display shelf at the request of Plaintiffs and did not participate in and had no

personal, constructive, or actual knowledge of the alleged accident until after its occurrence. *Id.*

The foregoing evidence presented establishes that Lowe's did not delegate a duty to Comeaux related to the pressure washer and Comeaux had no responsibility for the pressure washer nor any personally participation in the alleged accident. Thus, under *Canter*, Comeaux owed no duty to third parties with regard to the pressure washer, nor did he owe any personal duty to Plaintiffs. Accordingly, the undersigned finds that there is no reasonable basis on which to predict that Plaintiff might be able to recover against Comeaux. Because Lowe's has satisfied its burden of demonstrating that there is no reasonable possibility of recovery by the plaintiff against Comeaux, the undersigned finds that Comeaux was improperly joined as a defendant in this lawsuit. *See e.g., Weeks v. Freds Stores of Tennessee Inc.*, 2016 WL 2969614, at *1 (W.D. La. Apr. 20, 2016), report and recommendation adopted, 2016 WL 2978626 (May 20, 2016) (J. Drell); *Riggio v. Wal-Mart Stores, Inc.*, 2014 WL 3378669, at *1 (W.D. La. July 9, 2014) (J. Walter); *Allen v. Lowe's Home Centers, Inc.*, 2012 WL 1190255 (W.D. La. Mar. 1, 2012) report and recommendation adopted, 2012 WL 1185025 (Apr. 9, 2012) (J. Haik); *Powell v. Wal-Mart Louisiana, LLC*, 2009 WL 2713203 (W.D. La. Aug. 25, 2009)(J. Drell); *Driver v. Wal-Mart Louisiana, LLC*, 2009 WL 2913938 (W.D. La. Sept. 9, 2009) (J.

Drell); *Carino v. Wal-Mart Louisiana, LLC*,  2006 WL 335784 (W.D. La. Feb. 9, 2006) (J. Melancon); *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. July 28, 2005) (J. Drell).

When Comeaux's citizenship is disregarded, as it must be since he was improperly joined, the plaintiff and the remaining defendant are diverse in citizenship.  Having previously found that the amount in controversy exceeds the jurisdictional minimum, and now having found that the parties are diverse in citizenship, the undersigned finds that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332.

"Summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears*, 893 F.2d at 102. *See, also*, FRCP 56(f)(3). Therefore, the undersigned having found that the plaintiff has no reasonable possibility of recovery against the non-diverse defendant, Neil Comeaux, the undersigned recommends that summary judgment be entered *sua sponte* in favor of Comeaux and against the plaintiff, dismissing the plaintiff's claim against Comeaux, but dismissing it **without prejudice.** *Wright v. ANR Pipeline Co.*, 2016 WL 3268733, at *2 (5th Cir. June 14, 2016) (unpublished).  Notice is provided to Plaintiffs, and Plaintiffs have a reasonable opportunity to respond, i.e. the fourteen days in which to object to this report and recommendation.

*Conclusion*

For the reasons stated above, the undersigned finds that defendant Neil Comeaux was improperly joined as a defendant in this lawsuit.  The undersigned further finds that, when Comeaux's citizenship is disregarded because he was improperly joined, this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum.  In light of these findings, the undersigned recommends that summary judgment in favor of Comeaux and against Plaintiffs be entered *sua sponte*, and Plaintiffs' claims against Comeaux be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 13th day of September 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

-10-